### AMERICAN MUT. LIABILITY INS. CO. v. ADLER.

### No. 10797.

Circuit Court of Appeals, Fifth Circuit.

March 28, 1944.

Rehearing Denied May 2, 1944.

Justin C. Daspit, of Baton Rouge, La., for appellant.

Bert E. Durrett and Calvin E. Hardin, Jr., both of Baton Rouge, La., for appellee.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment entered upon a jury verdict awarding damages and expenses to Mrs. Eugene Adler for personal injuries sustained by her when she slipped and fell as she was leaving the Hart Theatre in Baton Rouge, Louisiana. Aside from errors assigned relative to amendments to the pleadings and the admission

of testimony, which we have examined and found to be without merit, the only question presented is whether there was substantial evidence to support the finding of the jury that the negligence of the theatre was the proximate cause of the fall.

We find in the record substantial evidence to support this synopsis of the facts as found by the jury: The accident occurred on a rainy afternoon in August, 1942. The floor of the foyer of the theatre was made of terrazzo, and the part thereof in front of the ticket office and nearest the sidewalk, not being protected from the weather, was very wet when appellee emerged from the theatre. She was an elderly lady, and was walking across the foyer with slow, cautious steps when she began to slip upon the wet terrazzo in front of the ticket office. She tottered, off-balance, for several steps before she finally went down on the sidewalk and sustained her injuries. The floor of the foyer was negligently constructed in that the terrazzo surface did not contain sufficient brassy aggregate or other abrasive substance to enable it to meet the standard requirements of the industry, or to make it reasonably safe for use as a walkway when wet. Although the theatre, as constructed, was not opened for business until 1941, numerous persons had found the foyer floor dangerously slippery when wet, and some of them had fallen there.

Obviously, the judgment entered upon the jury verdict should be

Affirmed.